UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK D. COLEMAN,

    Petitioner,                                             Case No. 1:08-cv-1

v                                                                     HON. JANET T. NEFF

CINDI S. CURTIN,

    Respondent.
_____/

**OPINION**

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation, recommending that this Court deny the petition for the following reasons: (1) Petitioner's claim that the trial court committed reversible error by failing to specifically enforce the plea agreement, or withdraw the plea, did not deprive the petitioner of his liberty without due process of law; (2) Petitioner's claim that the trial court committed reversible error by scoring the sentencing guidelines on facts not admitted to by the defendant or found beyond a reasonable doubt by a jury or the court did not deprive the petitioner of his liberty without due process of law; and (3) Petitioner's claim that he must be resentenced where inaccurate information was relied upon in the guideline scoring and his trial and appellate counsel's failure to object constitutes ineffective assistance of counsel did not violate due process of law. The matter is presently before the Court on Petitioner's objections to the Report and Recommendation.

1

I

In accordance with 28 U.S.C. § 636(b)(1) and FED R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court dispenses with the request for an evidentiary hearing (Suppl. Obj. at 19) because the facts and legal contentions are adequately presented in the materials before the Court. An evidentiary hearing will not further assist the Court in making a determination. The Court denies the objections and issues this Opinion and Final Order pursuant to FED. R. CIV. P. 58.

A

Petitioner states essentially one objection in Petitioner's "Objections to Report and Recommendation" filed on March 19, 2009 (Dkt 37), a general objection to the Magistrate Judge's ultimate conclusion that Petitioner's issues are not cognizable or without merit (Obj. at 2, 10). Petitioner does not posit a specific argument for this Court's review.

B

Petitioner states three objections for this Court's review in Petitioner's "Supplemental Objection to the Magistrate Judge's Report and Recommendation" filed on March 20, 2009 (Dkt 39).

First, Petitioner disagrees with the Magistrate Judge's determination that Petitioner failed to describe or demonstrate false or inaccurate information was relied upon during sentencing (Suppl. Obj. at 7; Report and Recommendation at 22). Petitioner argues that a more thorough review of the record will demonstrate that false or inaccurate information was relied upon during his sentencing (Suppl. Obj. at 7-8).

Petitioner's argument is without merit. The Magistrate Judge correctly determined that Petitioner failed to identify facts which were false or inaccurate. Moreover, the Magistrate Judge

considered the sentencing guidelines scoring issue, thoroughly reviewed the record, and found that the sentencing court had ample evidence to support its findings (Report and Recommendation at 22-23). The Magistrate Judge properly concluded that Petitioner failed to demonstrate that factually false or inaccurate information was relied upon during sentencing.

Second, Petitioner alleges that the Magistrate Judge erred in finding that Petitioner had procedurally defaulted his third claim for habeas relief that his sentence was based on inaccurate information (Suppl. Obj. at 9, 16-18; Report and Recommendation at 20, n. 2). Petitioner's argument is misplaced. The Magistrate Judge did not find that Petitioner had procedurally defaulted on the third claim for habeas relief. The Magistrate Judge considered the merits of the claim despite the "*likely* preclusion of the claim by procedural default" (Report and Recommendation at 20, n. 2) (emphasis added).

Third, Petitioner asserts that the Magistrate Judge unreasonably applied "clearly established federal law" during the sentencing proceeding (Suppl. Obj. at 12). Petitioner failed to identify the law which he believes the Magistrate Judge applied unreasonably or which is contrary to "clearly established federal law." Objections must be clear enough to enable this Court to discern the issues that are dispositive and contentious. *See Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health and Human Servs.,* 932 F.2d 505, 509 (6th Cir. 1991)). This "objection" is therefore denied.

II

In a related motion filed after the Report and Recommendation was issued, Petitioner requests to have his habeas petition held in abeyance. Petitioner cites *People v. Gajos,* No. 281344, 2009 WL 250628 (Mich. Ct. App. Feb. 3, 2009), contending that the holding is applicable to the

3

facts of this case. He asks this Court to remand this action to the Michigan Court of Appeals for an evidentiary hearing.

Petitioner's claim is without merit for two reasons. First, *Gajos* is an unpublished opinion. Unpublished cases are not precedentially binding. MICH. CT. R. 7.215(c)(1). Second, even if the case was binding authority, the facts of *Gajos* are inapposite to the facts of Petitioner's case. In *Gajos*, the Michigan Court of Appeals held that merely fleeing police did not amount to "interference with the administration of justice" for the purposes of scoring the sentencing guidelines. *Gajos, supra,* slip op. at 1. However, the court went on to note that providing law enforcement with a false name constitutes "interference with the administration of justice." *Id.* (quoting *People v. Barbee,* 681 N.W.2d 348 (Mich. 2004)).

Here, the Magistrate Judge, after extensive analysis, concluded that there was sufficient evidence for the sentencing judge to find not only that Petitioner was the driver of the vehicle the police pursued but also that Petitioner brandished a handgun while fleeing the police (Report and Recommendation at 22-23). Petitioner's application of *Gajos* to the facts of his case is therefore misplaced and does not warrant a remand to state court. Accordingly, Petitioner's motion to hold the habeas petition in abeyance is denied.

### III

Having determined to approve and adopt the Magistrate Judge's Report and Recommendation as this Court's opinion, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484.

Upon review of Petitioner's claims surrounding his plea agreement and scoring of his sentencing guidelines, this Court finds that reasonable jurists would not find the Court's assessment of petitioner's claims debatable or wrong. A certificate of appealability will therefore be denied.

IV

A Final Order will be entered consistent with this Opinion.


Date: May 28, 2009                             /s/ Janet T. Neff
                                               JANET T. NEFF
                                               United States District Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK D. COLEMAN,

    Petitioner,                                     Case No. 1:08-cv-1

v                                                    HON. JANET T. NEFF

CINDI S. CURTIN,

    Respondent.
_____/

## **FINAL ORDER**

In accordance with the Opinion entered this date:

**IT IS HEREBY ORDERED** that the objections (Dkts 37 & 39) are DENIED and the Report and Recommendation of the Magistrate Judge (Dkt 35) is APPROVED and ADOPTED as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion to Hold Habeas Petition in Abeyance (Dkt 36) is DENIED.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus (Dkt 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.

Date: May 28, 2009                                /s/ Janet T. Neff
                                                                  JANET T. NEFF
                                                                  United States District Judge